UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LORI BAGEARD, individually and on behalf of all others similarly situated,**

    **Plaintiff,**

v.

    Case No: 8:16-cv-03086-MSS-JSS

**ASPEN DENTAL MANAGEMENT, INC.,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Stipulation for Conditional Certification of a Nationwide FLSA Collective and Court Authorized Notice to the Collective. (Dkt. 48) ("Stipulation for Conditional Certification")

Plaintiff Lori Bageard ("Plaintiff") brought this action for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), seeking to represent a nationwide collective of all current and former Office Managers ("OMs") who work or worked for Defendant Aspen Dental Management, Inc. ("Defendant"), within the United States at any time since June 23, 2013 (the "Collective"). (Dkt. 48 at ¶ 1; See Dkt. 1, Collective Action Complaint) Pursuant to § 216(b) of the FLSA, Plaintiff seeks conditional certification of a nationwide FLSA collective action. Plaintiff expressed this intention in her pleadings and in direct communications with Defendant. (Id. at ¶ 2) To date, sixteen (16) individuals, in addition to the Plaintiff, who worked for Defendant in a total of eleven (11) states, have opted into this action. (Id. at ¶ 3) The Parties have stipulated to conditional certification of the collective action and to

the Court-approved issuance of Notice to members of the Collective, providing those members the opportunity to opt-in to this action. (Id. at ¶ 4)

Accordingly, based on the Parties' Stipulation for Conditional Certification, and for the purpose of facilitation of Notice, the Court approves the Stipulation for Conditional Certification and conditionally certifies the Collective pursuant to 29 U.S.C. § 216(b) as follows:

1. Plaintiff will select a third party administrator as Notice Administrator for this action, subject to Defendant's objection. Plaintiff shall bear the costs of Notice.

2. Within twenty (20) days of the date of this Order, Defendant shall provide Plaintiff in Excel format: the names, dates of employment, last known mailing addresses, and office locations of all members of the Collective ("Class List").

3. Within fifteen (15) days of receipt of the Class List, the Notice Administrator shall send the proposed Notice and the Consent To Join Form, both substantially in the form as shown in the attachment to the Stipulation for Conditional Certification (see Dkt. 48-1 at 1-7), to all individuals on the Class List at the address provided therein, as updated via the National Change of Address (NCOA) database. Along with the Notice and Consent To Join Form, the Notice Administrator will include a postage pre-paid envelope addressed to the Notice Administrator for the return of Consent To Join Forms. Notice will be sent via first class US Mail and will be returnable via mail, email, and facsimile.

4. Members of the Collective will have sixty (60) days from the date of the mailing of the Notice to return Consent To Join Forms to the Notice Administrator. The Member's Consent To Join Form must be postmarked or otherwise received

by the Notice Administrator within 60-days from the date the Notice was mailed for the Member to participate in the collective action. Members of the conditionally certified Collective who timely submit incomplete Consent To Join Forms will be given an opportunity to cure the deficiency within thirty (30) days after the Member is notified of the deficient form.

5. In the event the Notice and Consent To Join Form is returned undeliverable, the Notice Administrator shall perform a skip trace on the member of the conditionally certified collective and shall resend the Notice and Consent To Join Form one time, if forwarding information is secured. The Notice Administrator shall resend the Notice and Consent To Join Form within five (5) days of receiving the returned documents.

6. The Notice Administrator shall provide all signed, valid Consent To Join Forms to Plaintiffs' counsel for filing within two (2) business days after receipt.

7. The Notice Period commences on the date the Notice Administrator mails the Notice to the Class List and shall continue for ninety (90) days, inclusive of the 60-day return period and 30-day cure period for deficient Consent to Join Forms. The Notice Period will close after the foregoing ninety (90) day timeframe.

8. Within fourteen (14) days of the close of the Notice Period, the Parties will submit to the Court a Joint Proposed Scheduling Report setting forth a proposed schedule and discovery plan.

9. By agreeing to this Stipulation for Conditional Certification, Defendant does not waive any arguments or defenses. Defendant expressly reserves its right to

seek decertification of the conditionally certified collective at a later time if appropriate.

**DONE and ORDERED** in Tampa, Florida, this 21st day of February, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Any *Pro Se* parties

4